**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**UNITED STATES OF AMERICA** :
: **Case No. 5:26-cr-15 (MTT)**
**v.** :
:
**DERRICK JACKSON,** :
:
**Defendant** :
______________________________ :

**ORDER REGARDING SELF-REPRESENTATION**

On September 18, 3026, Defendant Mihir Patel filed a *pro se* motion to terminate his appointed counsel and to proceed without counsel, representing himself. The Court conducted an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975), on October 9, 2026. The Court advised the Defendant of the charges against him, the advantages of being represented by a lawyer, and the disadvantages of self-representation. The Court inquired into the Defendant's background, training, education and mental state. Defendant was provided with a written notice of the dangers and disadvantages of self-representation. A copy of that notice is attached to this Order as an exhibit. The Court went through each of the questions and statements in the notice and confirmed that Defendant was aware of the dangers of self-representation. Finally, the Court advised Defendant that a trained lawyer would be able to represent him better than he could represent himself and that it was unwise to try to represent himself. At the conclusion of the colloquy, Defendant confirmed that he intended to proceed representing himself.

Based on Defendant's responses to this colloquy, the Court hereby finds that the Defendant has knowingly, intelligently, and voluntarily waived the Constitutional right to counsel and likewise has knowingly, intelligently and voluntarily invoked his Constitutional right to represent himself in this criminal proceeding. Defendant's motion to appoint counsel (Doc. 68) is therefore **TERMINATED** as moot.

**SO ORDERED**, this the 14th day of October, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge